**Gabriel G. ATAMIAN, Plaintiff—Appellant,**

v.

**Alan SIMPSON; et al., Defendants—Appellees.**

No. 07–16015.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 19, 2008.

Kevin William Reager, Office of the California Attorney General, Sacramento, CA, Marshall C. Whitney, Esq., Timothy J. Buchanan, Esquire, McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Defendants–Appellees.

Gabriel G. Atamian, Dover, DE, pro se.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Gabriel G. Atamian appeals pro se from the district court's judgment dismissing his action brought under 42 U.S.C. §§ 1983 and 1985. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1158 (9th Cir.2003). We may affirm on any basis supported by the record. *United States v. State of Wash.,* 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court properly dismissed the action against defendants Rich and Casheros because Rich, a physician, and Casheros, a lawyer in private practice, were not acting under color of state law. *See Simmons,* 318 F.3d at 1161. Further, Atamian's conclusory allegations that Rich and Casheros conspired with state officers to deprive him of due process were insufficient to state a claim for relief. *See id.* Atamian also did not allege the requisite invidious animus against a suspect class under section 1985(3). *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

The claims against Judge Simpson are barred because a state court judge is entitled to absolute immunity for actions undertaken in his judicial capacity. *See Harvey v. Waldron,* 210 F.3d 1008, 1012 (9th Cir.2000) (holding that state court judges are absolutely immune from suits for damages for acts undertaken in their judicial capacity); *see also* 42 U.S.C. § 1983 (barring injunctive relief against judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable.").

Appellees' requests for judicial notice are granted.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.